ROBERT A. DOTSON
Nevada State Bar No. 5285
DOTSON LAW
One East First Street
City Hall Tower, Ste. 1600
Reno, Nevada 89501
Tel: (775) 501-9400
Email:  rdotson@dotsonlaw.legal

BRIAN D. CHENOWETH, *pro hac vice*
SANDRA S GUSTITUS, *pro hac vice*
CHENOWETH LAW GROUP PC
510 SW 5th Ave 5th Fl.
Portland, OR  97204
Tel: (503) 221-7958
Fax: (503) 221-2182
Email:  brianc@northwestlaw.com
        sgustitus@northwestlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| USSC HOLDINGS CORP., a Nevada corporation, MUSIC CITY FIRE CO., a Nevada corporation, ROBERT J. BUCKLEY, an individual, and STEVE PALADINO, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TK PRODUCTS, LLC, an Oregon limited liability company, KURT O. BAUER, an individual, TRENT C. FARRER, an individual, <br><br> Defendants. | Case No.:  3:16-cv-00398-RCJ-WGC <br><br><br> **DECLARATION OF SANDRA S. GUSTITUS (Jan. 6, 2017)** |

I, Sandra S. Gustitus, hereby declare as follows:

      1.     I am over the age of 18 and competent to testify in this declaration.  If called to testify at trial, I could give the testimony below.

1

2.     I am an attorney at Chenoweth Law Group, PC ("CLG"), which represents Defendants TK Products, LLC, Kurt Bauer and Trent Farrer in this matter.

3.     Attached hereto as Exhibit 1 is an exact copy of the original letter sent to Custodian of Records of LiveSpark, Inc. and the signed certified return receipt.  The Exhibit includes the subpoena that was served on LiveSpark, Proof of Service of the Subpoena, the notice of intent to serve the Subpoena, and the transcript from the deposition at which LiveSpark did not appear.

4.     On October 19, 2016, at 2:45pm, counsel for Defendants called Brett Bond, who is listed as LiveSpark's President, and left a voicemail regarding the next day's deposition.  LiveSpark did not designate anyone to appear for the deposition, has not produced any of the requested documents, and has not responded to any communication from Defendants' attorney.

5.     Attached as Exhibit 2 is a true copy of a screenshot I took of Music City's website, on January 6th, 2017.  The website can be found at http://www.musiccityfirecompany.com/.

DATED this 6th day of January, 2017.

_/s/ Sandra Gustitus_____
SANDRA S GUSTITUS, *pro hac vice*
sgustitus@northwestlaw.com

*Attorneys for Defendants*

2

# CHENOWETH / LAW GROUP PC

November 15, 2016

Custodian of Records of Livespark, Inc.
c/o Nevada Legal Forms & Tax Services, Inc.,
3901 W. Charleston Blvd.
Las Vegas, NV  89102

       Re:   *USSC Holdings v. TK Products, LLC*
             Our File No. 2102-001

Greetings:

My office represents TK Products, LLC, Kurt Bauer, and Trent Farrer in the above-captioned lawsuit.  On behalf of our client, our co-counsel, Rob Dotson, had Livespark, Inc. ("Livespark") served with the attached *Subpoena to Testify at a Deposition in a Civil Action* on September 27, 2016.  It was delivered to your registered agent at Nevada Legal Forms & Tax Services, Inc.  Attached is the proof of service.

The subpoena commanded the appearance of the custodian of records for Livespark to appear on October 20, 2016 at 9am for a deposition, and to produce the records requested in the subpoena.  Mr. Dotson called Brett Bond, at 415-613-3872, at approximately 2:45 on October 19, 2016, and left a voicemail regarding the next day's deposition.  We received no response in advance of the deposition, set for the next day and we have received none since.

We appeared at the time and place set for the deposition, and no one on behalf of Livespark appeared at the deposition.  Mr. Dotson went on the record with the court reporter to state Livespark did not appear.  Attached is a transcript from that deposition.  Using the information presented in this letter, we intend to file a motion for an order to show cause why Livespark should not be held in contempt of court for failure to obey the subpoena, a valid court order.  A court can award sanctions against a party who is in contempt.

Your immediate attention to this matter is required, as we intend to prepare and file the motion, if we have not received a response from Livespark and agreement to comply with the subpoena within one week of the date of this letter.

       Very truly yours,

       CHENOWETH LAW GROUP, PC

       Sandra S. Gustitus
       sgustitus@northwestlaw.com

encl: as stated
ec.   client

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 1 pf 27

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Nevada

| | | |
|---|---|---|
| USSC HOLDINGS CORP., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16-cv-00398-RCJ-WGC |
| TK PRODUCTS, LLC, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Custodian of Records of Livespark, Inc.
c/o Nevada Legal Forms & Tax Services, Inc., 3901 W Charleston Blvd, Las Vegas, NV 89102
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Laxalt & Nomura, Ltd. 6720 Via Austi Parkway, Ste 430 Las Vegas, NV 89119 | Date and Time: 10/20/2016 9:00 am |
|---|---|

The deposition will be recorded by this method:     Stenographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  **See Exhibit A attached hereto**

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/13/16

*CLERK OF COURT*

OR

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
TK Products, LLC, Kurt O. Bauer and Trent C. Farrer                                    , who issues or requests this subpoena, are:
Robert Dotson, Dotson Law, 1 East 1st St., Ste 1600, Reno, NV 89501; (775) 501-9400; rdotson@dotsonlaw.legal

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT** 1
WIT: Cust Livespark
DATE: 10/20/16
GINA DILUZIO

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:16-cv-00398-RCJ-WGC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $         0.00         .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 3 pf 27

AO 88A  (Rev  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Gustius Jan. 6 Decl.
Ex. 1
Pg. 4 of 27

# EXHIBIT A

## DEFINITIONS

A.     "Communication" or "Communications" means any act or process of communicating, the imparting or interchange of thoughts, opinions or information by speech, writing, or signs, including telephone calls, text messages, emails, letters, voice messages, and other correspondence.

B.     "Document" or "Documents" mean all writings, of any form, kind, character or description including, but not limited to:  the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; letters; memoranda; notes; diaries; statistics; telegrams; emails; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; manuals; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; pamphlets; circulars; printed matter; invoices; worksheets; pleadings; motions; legal memoranda; all drafts, alterations, modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral reproductions of any kind, including, without limitation, photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.

C.     "Livespark" refers to "Livespark, Inc." and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Livespark and its related business entities.

D.     "Buckley" refers to "Robert Buckley" and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Robert Buckley and his related business entities.

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 5 pf 27

E.      "Paladino" refers to "Steve Paladino" and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Steve Paladino and his related business entities.

F.      "Music City" refers to "Music City Fire Company" and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Music City and its related business entities.

G.      "USSC" refers to "USSC Corp." and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of USSC and its related business entities.

H.      "Related to" or "relating to" means directly, indirectly, or in any way concerning, referring to, alluding to, responding to, regarding, describing, explaining, discussing, reflecting, analyzing, or commenting upon.

I.      "Sound-reactive products" refers to any product that uses sound-reactive technology, whether developed, created, drafted, complete, or incomplete.

### DOCUMENTS REQUESTED

1.      All documents related to any communications between Livespark and USSC.

2.      All documents related to any communications between Livespark and Buckley.

3.      All documents related to any communications between Livespark and Paladino.

4.      All documents related to any communications between Livespark and Music City.

5.      All documents related to any communications between Livespark and Geoff Foreman.

6.      All documents related to Livespark's efforts to build, develop, market, or sell, as a retail consumer product, a fire pit that reacts to the sound of music.

7.      All documents related to any payments Livespark received from Music City, Buckley, Paladino, or USSC.

8.      All documents related to Livespark's business relationship with Music City,

2 of 3

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 6 pf 27

Buckley, Paladino, or USSC, including but not limited to, any agreement (whether final agreement, draft, proposed agreement, or revised agreement).

9.     All documents related to the distribution, sale, or gift by Livespark to distributors, retailers, customers, or resellers of sound-reactive products.

10.     All documents related to any Defendant: Farrer, Bauer, or TK Products, LLC.

11.     All documents related to any Plaintiff: USSC, Music City, Buckley, or Paladino.

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 7 pf 27

DOTSON LAW
1 E 1ST ST, 16TH FLOOR
RENO, NV 89501
775-501-9400
*Attorney for:* Defendant

<u>UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA</u>

| | |
|---|---|
| USSC HOLDINGS CORP., ET AL.<br><br>*Plaintiff*<br><br>TK PRODUCTS, LLC, ET AL.<br><br>*Defendant* | *Case Number:* **3:16-CV-00398-R**<br>CJ-WGC<br><br>**PROOF OF SERVICE** |

Donald Edward Bradbury, being duly sworn deposes and says: that at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the state of Nevada under license #389, and not a party to or interested in the proceeding in which this affidavit is made.  The affiant received on Monday September 26 2016; 1 copy(ies) of the:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; FEDERAL RULE OF CIVIL PROCEDURE; DECLARATION OF CUSTODIAN OF RECORDS; LETTER; $44.86 WITNESS FEE CHECK**

**I served the same on Tuesday September 27 2016 at 02:00PM by:**

**Serving Witness LIVESPARK, INC., CUSTODIAN OF RECORDS, BY SERVING NEVADA LEGAL FORMS & TAX SERVICES, INC., REGISTERED AGENT**

by serving: STEPHANIE CERVANTES, FRONT DESK ON BEHALF OF NEVADA LEGAL FORMS & TAX SERVICES, INC., REGISTERED AGENT PURSUANT TO NRS 14.020   at the Witness's Business located at 3901 W CHARLESTON BLVD, Las Vegas, NV 89102.

Pursuant to NRS 53.045, I declare under the penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.
Executed: Wednesday September 28 2016

Affiant: Donald Edward Bradbury #R-065600
LEGAL WINGS, INC. - NV LIC #389
1118 FREMONT STREET
Las Vegas, NV 89101
(702) 384-0305, FAX (702) 384-8638

EXHIBIT 2
WIT COR Livespark
DATE 10/21/16
GINA DILUZIO

5019400.504528

# Work Order





5019400.504528

PILB LIC #389

b7.user 7

Assigned To: Donald Edward Bradbury

Received: 09/26/16, Type of Service: **Normal** Special: No

| | | |
|---|---|---|
| Client: | DOTSON LAW | Client ID: 5019400 |
| Attention: | 1 MORGAN | |
| Address 1: | 1 E 1ST ST, 16TH FLOOR | Phone: 775-501-9400 |
| City, State Zip: | RENO, NV 89501 | |

Plaintiff: USSC HOLDINGS CORP., ET AL.
Defendant: TK PRODUCTS, LLC, ET AL.
Representing: Defendant    Case Number: 3:16-CV-00398-RCJ-WGC
Court: UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

Hearing Date: 10/20/16   09:00AM   Status: 10/01/16   Last Day to Serve: 10/05/16   Last Day to Sub:

Serve Docs To: LIVESPARK, INC., CUSTODIAN OF RECORDS, BY SERVING NEVADA LEGAL FORMS & TAX SERVICES, INC., REGISTERED AGENT

Description: Race: , Sex: , Age: , Hair: , Eyes: , Height: , Weight:

Addresses: **Business, 09/26/16**
**3901 W CHARLESTON BLVD**
**Las Vegas, NV 89102**
**IS RA. ADVANCED $44.86. LAST DAY 10/5.**

Documents: SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; FEDERAL RULE OF CIVIL PROCEDURE; DECLARATION OF CUSTODIAN OF RECORDS; LETTER; $44.86 WITNESS FEE CHECK

| Loc | Date | Time | Server | Code | Comments |
|---|---|---|---|---|---|
| | 09-27-16 | 14:00 | DEB | | Stephanie Cervantes Front desk |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

[B] Completed    [F] FILED    [I] Incomplete    [P] Personal Service
[D] Delivered    [G] Certified Mail CCP 415.46    [J]    [R] Returned Not Served
Manner: ___ [E] Recorded    [H] Faxed    [I] residence suitable person    [S] Substituted Service

Date Served: 09/27/16   Time Served:(Military) 1400   Served By: DEB

Served At: B [H]ome, [B]usiness, or [U]sual Place of Mailing ___ [X] For Changes Above in Address Boxs.

(3.b.)Person Served ___    Witness Fees: $ ___

Race: H, Sex: F, Age: 30, Hair: Blu, Eyes: Blu, Height: 56, Weight: 130

Relationship Front desk (3.b.)By Leaving Copies With Stephanie Cervantes

Mailed From ___ Mailed Date ___ Time ___

5019400.504528

1118 FREMONT STREET<>Las Vegas, NV 89101<>Phone: (702) 384-0305, FAX: (702) 384-8638, okilty@legalwings.com<>

ROBERT A. DOTSON
Nevada State Bar No. 5285
DOTSON LAW
One East First Street
City Hall Tower, Ste. 1600
Reno, Nevada 89501
Tel: (775) 501-9400
Email: rdotson@dotsonlaw.legal

BRIAN D. CHENOWETH, *pro hac vice*
SANDRA S GUSTITUS, *pro hac vice*
CHENOWETH LAW GROUP PC
510 SW 5th Ave 5th Fl
Portland, OR  97204
Tel: (503) 221-7958
Fax: (503) 221-2182
Email: brianc@northwestlaw.com
          sgustitus@northwestlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| USSC HOLDINGS CORP., a Nevada corporation, MUSIC CITY FIRE CO., a Nevada corporation, ROBERT J. BUCKLEY, an individual, and STEVE PALADINO, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TK PRODUCTS, LLC, an Oregon limited liability company, KURT O. BAUER, an individual, TRENT C. FARRER, an individual, <br><br> Defendants. | Case No.: 3:16-cv-00398-RCJ-WGC <br><br><br> **NOTICE OF** <br> **SUBPOENA DUCES TECUM** |

PLEASE TAKE NOTICE that Defendants TK PRODUCTS, LLC, KURT O. BAUER, and

TRENT FARRER, by and through their counsel of record, DOTSON LAW and CHENOWETH

LAW GROUP PC, have issued a Subpoena Duces Tecum ("Subpoena") requesting records from the

following entity: Livespark, Inc.  A copy of the Subpoena we intend to serve on Livespark, Inc. is

attached hereto as Exhibit 1.

EXHIBIT 3
WIT: COR Livespark
DATE: 10/20/16
GINA DILUZIO

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 10 pf 27

Copies of the documents produced will be made available upon request.

DATED this 22 day of September, 2016.

ROBERT A. DOTSON
Nevada State Bar No. 5285
DOTSON LAW
One East First Street
City Hall Tower, Ste. 1600
Reno, Nevada 89501
Tel: (775) 501-9400
Email: rdotson@dotsonlaw.legal

BRIAN D. CHENOWETH, *pro hac vice*
SANDRA S GUSTITUS, *pro hac vice*
CHENOWETH LAW GROUP PC
510 SW 5th Ave 5th Fl
Portland, OR  97204
Tel: (503) 221-7958
Fax: (503) 221-2182
Email: brianc@northwestlaw.com
           sgustitus@northwestlaw.com

Attorneys for Defendants

2

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 11 pf 27

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of DOTSON LAW, and that on this date; I caused to be served a true and correct copy of the foregoing by:

☒ (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Dotson Law, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

☐ By electronic service by filing the foregoing with the Clerk of Court using the CM/ECF system, which will electronically mail the filing to the following individuals.

☐ (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the address(es) at the address(es) set forth below.

☐ (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

☐ Reno/Carson Messenger Service.

☒ By email to the email addresses below.

addressed as follows:

Matthew D. Francis
Ryan J. Cudnik
Brownstein Hyatt Farber Schrek, LLP
5371 Kietzke Lane
Reno, NV 89511
mfrancis@bhfs.com
rcudnik@bhfs.com

*Attorneys for Plaintiffs*

DATED this 23 day of September, 2016.

L. MORGAN BOGUMIL

3

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 12 pf 27

INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| 1 | Subpoena Duces Tecum | 7 |

BOBLES LAW
Dec. East First Street
City Hall, Tower, Suite 1600
Reno, Nevada 89501

-i-

# EXHIBIT 1

# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Nevada

| | |
|---|---|
| USSC HOLDINGS CORP., et al. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   3:16-cv-00398-RCJ-WGC |
| TK PRODUCTS, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         Custodian of Records of Livespark, Inc.
c/o Nevada Legal Forms & Tax Services, Inc., 3901 W Charleston Blvd, Las Vegas, NV 89102
*(Name of person to whom this subpoena is directed)*

    ☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Laxalt & Nomura, Ltd. 6720 Via Austi Parkway, Ste 430 Las Vegas, NV 89119 | Date and Time: 10/20/2016 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographically

    ☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/13/16

        *CLERK OF COURT*

                       OR

           *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
TK Products, LLC, Kurt O. Bauer and Trent C. Farrer            , who issues or requests this subpoena, are:
Robert Dotson, Dotson Law, 1 East 1st St., Ste 1600, Reno, NV 89501; (775) 501-9400; rdotson@dotsonlaw.legal

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:16-cv-00398-RCJ-WGC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### DEFINITIONS

A.      "Communication" or "Communications" means any act or process of communicating, the imparting or interchange of thoughts, opinions or information by speech, writing, or signs, including telephone calls, text messages, emails, letters, voice messages, and other correspondence.

B.      "Document" or "Documents" mean all writings, of any form, kind, character or description including, but not limited to:  the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; letters; memoranda; notes; diaries; statistics; telegrams; emails; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; manuals; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; pamphlets; circulars; printed matter; invoices; worksheets; pleadings; motions; legal memoranda; all drafts, alterations, modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral reproductions of any kind, including, without limitation, photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.

C.      "Livespark" refers to "Livespark, Inc." and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Livespark and its related business entities.

D.      "Buckley" refers to "Robert Buckley" and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Robert Buckley and his related business entities.

1 of 3

E.    "Paladino" refers to "Steve Paladino" and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Steve Paladino and his related business entities.

F.    "Music City" refers to "Music City Fire Company" and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Music City and its related business entities.

G.    "USSC" refers to "USSC Corp." and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of USSC and its related business entities.

H.    "Related to" or "relating to" means directly, indirectly, or in any way concerning, referring to, alluding to, responding to, regarding, describing, explaining, discussing, reflecting, analyzing, or commenting upon.

I.    "Sound-reactive products" refers to any product that uses sound-reactive technology, whether developed, created, drafted, complete, or incomplete.

### DOCUMENTS REQUESTED

1.    All documents related to any communications between Livespark and USSC.

2.    All documents related to any communications between Livespark and Buckley.

3.    All documents related to any communications between Livespark and Paladino.

4.    All documents related to any communications between Livespark and Music City.

5.    All documents related to any communications between Livespark and Geoff Foreman.

6.    All documents related to Livespark's efforts to build, develop, market, or sell, as a retail consumer product, a fire pit that reacts to the sound of music.

7.    All documents related to any payments Livespark received from Music City, Buckley, Paladino, or USSC.

8.    All documents related to Livespark's business relationship with Music City,

2 of 3

Buckley, Paladino, or USSC, including but not limited to, any agreement (whether final agreement, draft, proposed agreement, or revised agreement).

9.    All documents related to the distribution, sale, or gift by Livespark to distributors, retailers, customers, or resellers of sound-reactive products.

10.    All documents related to any Defendant: Farrer, Bauer, or TK Products, LLC.

11.    All documents related to any Plaintiff: USSC, Music City, Buckley, or Paladino.

3 of 3

```
 1                 UNITED STATES DISTRICT COURT

 2                      DISTRICT OF NEVADA

 3
    USSC HOLDINGS CORP., a Nevada  )
 4  corporation, MUSIC CITY FIRE   )
    CO., a Nevada corporation,     ) CASE NO.: 3:16-cv-00398-
 5  ROBERT J. BUCKLEY, an          )          RCJ-WGC
    individual, and STEVE PALADINO,)
 6  an individual,                 )
                                   )
 7                                 )
                    Plaintiffs,    )
 8                                 )
             vs.                   )
 9                                 )
    TK PRODUCTS, LLC, an Oregon    )
10  limited liability company,     )
    KURT O. BAUER, an individual,  )
11  TRENT C. FARRER, an individual,)
                                   )
12                  Defendants.    )
    _____)
13

14

15              CERTIFICATE OF NONAPPEARANCE

16          DEPOSITION OF COR FOR LIVESPARK, INC.

17                   LAS VEGAS, NEVADA

18              THURSDAY, OCTOBER 20, 2016

19

20

21

22  REPORTED BY:  GINA DILUZIO, RPR, CCR #833
                     JOB NO. 347687
23

24

25
```

NONAPPEARANCE OF COR FOR LIVESPARK, INC. - 10/20/2016

**Page 2**

```
 1        CERTIFICATE OF NONAPPEARANCE, DEPOSITION OF COR FOR
 2   LIVESPARK, INC., taken at Laxalt & Nomura, Ltd., 6720 Via
 3   Austi Parkway, Suite 430, Las Vegas, Nevada, on Thursday,
 4   October 20, 2016, at 9:10 a.m., before Gina DiLuzio,
 5   Certified Court Reporter, in and for the State of Nevada.
 6
 7   APPEARANCES:
 8   For the Defendants:
 9        DOTSON LAW
             BY:  ROBERT A. DOTSON, ESQ. (via telephone)
10        1 East First Street
             Suite 1600
11        Reno, Nevada 89051
             (775) 501-9400
12        rdotson@dotsonlaw.legal
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Page 3**

```
 1                      E X H I B I T S
 2   NUMBER                                        MARKED
 3   Exhibit 1      Subpoena To Testify At A          6
                    Deposition In A Civil Action
 4
     Exhibit 2      Proof Of Service and Legal        6
 5                  Wings Work Order
 6   Exhibit 3      Notice Of Subpoena Duces Tecum    6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Page 4**

```
 1        LAS VEGAS, NEVADA, THURSDAY, OCTOBER 20, 2016
 2                         9:10 A.M.
 3                          -oOo-
 4   Thereupon--
 5             MR. DOTSON::  Let the record reflect this is --
 6   well, actually, the time now is 9:10, which is ten minutes
 7   after the time noticed for the deposition of the custodian
 8   of records for Livespark, Inc., which was served for this
 9   deposition on Tuesday, September 27.
10             There has been no person, the custodian, or
11   otherwise that has appeared.  And I would represent for the
12   Court, my name is Robert Dotson.  I am counsel for
13   Defendants in this action.  And that this matter has been
14   properly noticed.
15             In further evidence of that, I have asked the
16   court reporter to mark three items as exhibits.  Exhibit 1
17   will be the Subpoena To Testify At A Deposition In A Civil
18   Action issued by the United States District Court, signed by
19   myself on September 23, 2016.
20             And the second -- which also included an
21   Exhibit A with definitions and documents sought.
22             Exhibit 2 is the Proof Of Service, which was
23   executed by Donald Edward Bradbury or, at least, so it would
24   appear, and which indicates that Livespark was served
25   through their custodian -- or was served by the custodian of
```

**Page 5**

```
 1   records subpoena by serving the Nevada Legal Forms & Tax
 2   Services, Inc., Registered Agent, and, in particular,
 3   Stephanie Cervantes, who was at the front desk.
 4             Also included with an exhibit -- and that
 5   occurred on September 27, 2016, at, approximately,
 6   2:00 p.m., at least, so says the Proof Of Service.  The --
 7   also included within Exhibit 2 is a Legal Wings Work Order
 8   related to the service of this process.
 9             And Exhibit 3 I've asked to be marked the
10   Notice Of Subpoena Duces Tecum, which was served upon
11   opposing counsel, who -- for the record, has been notified
12   not only through the notice, but we have discussed
13   telephonically and via e-mail this deposition.
14             And he's asked to be included if a witness
15   appeared, which, obviously, one did not.  And I have
16   notified him that I would conduct this nonappearance
17   assuming that no witness appeared.  The individual which
18   whom I've been speaking is Matthew Francis.
19             Ms. Reporter, just to confirm, there's no one
20   present in the room other than yourself at this point?
21             THE COURT REPORTER:  Right.  You're right.
22             MR. DOTSON:  That being the case and it now
23   being approximately 9:13, that will conclude this deposition
24   and confirming the nonappearance of the witness.
25             (Whereupon, the proceedings were concluded at
```

NONAPPEARANCE OF COR FOR LIVESPARK, INC. - 10/20/2016

Page 6

```
 1   9:13 a.m.)
 2          (Exhibits 1 through 3 marked.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 7

```
 1              REPORTER'S CERTIFICATE
 2   STATE OF NEVADA        )
                            ) ss:
 3   COUNTY OF CLARK        )
 4          I, Gina DiLuzio, a Certified Court Reporter, do
 5   hereby certify:
 6          That I reported in shorthand (Stenotype) the
 7   proceedings had in the above-entitled matter at the place
 8   and date indicated.
 9          That I thereafter transcribed my said shorthand
10   notes into typewriting, and that the typewritten transcript
11   is a complete, true and accurate transcription of my said
12   shorthand notes.
13          IN WITNESS WHEREOF, I have set my hand in my
14   office in the County of Clark, State of Nevada, this 30th
15   day of October, 2016.
16
17   _____
18          GINA DILUZIO, RPR, CCR #833
19
20
21
22
23
24
25
```

NONAPPEARANCE OF COR FOR LIVESPARK, INC. – 10/20/2016

**Exhibits**

EXHIBIT-00001
3:3 4:16

EXHIBIT-00002
3:4 4:22 5:7

EXHIBIT-00003
3:6 5:9

**1**

1  4:16

**2**

2  4:22 5:7
20  4:1
2016  4:1,19 5:5
23  4:19
27  4:9 5:5
2:00  5:6

**3**

3  5:9

**9**

9:10  4:2,6
9:13  5:23

**A**

A.M.  4:2
action  4:13,18

actually  4:6
after  4:7
Agent  5:2
also  4:20 5:4,7
appear  4:24
appeared  4:11 5:15,17
approximately 5:5,23
assuming  5:17

**B**

being  5:22,23
Bradbury  4:23

**C**

case  5:22
Cervantes  5:3
Civil  4:17
conclude  5:23
concluded 5:25
conduct  5:16
confirm  5:19
confirming 5:24
counsel  4:12 5:11
court  4:12,16, 18 5:21
custodian  4:7, 10,25

**D**

Defendants 4:13
definitions 4:21
deposition  4:7, 9,17 5:13,23
desk  5:3
discussed 5:12
District  4:18
documents 4:21
Donald  4:23
Dotson  4:5,12 5:22
Duces  5:10

**E**

e-mail  5:13
Edward  4:23
evidence  4:15
executed  4:23
exhibit  4:16, 21,22 5:4,7,9
exhibits  4:16

**F**

Forms  5:1
Francis  5:18
front  5:3

further  4:15

**I**

included  4:20 5:4,7,14
indicates  4:24
individual  5:17
issued  4:18
items  4:16

**L**

LAS  4:1
least  4:23 5:6
Legal  5:1,7
Let  4:5
Livespark  4:8, 24

**M**

mark  4:16
marked  5:9
matter  4:13
Matthew  5:18
minutes  4:6

**N**

name  4:12
Nevada  4:1 5:1
nonappearanc e  5:16,24

notice  5:10,12
noticed  4:7,14
notified  5:11, 16

**O**

obviously  5:15
occurred  5:5
OCTOBER  4:1
one  5:15,19
only  5:12
opposing  5:11
Order  5:7
otherwise  4:11

**P**

p.m.  5:6
particular  5:2
person  4:10
point  5:20
present  5:20
proceedings 5:25
process  5:8
Proof  4:22 5:6
properly  4:14

**R**

record  4:5 5:11
records  4:8 5:1

Gustitus Jan. 6 Decl.
Ex. 1
Pg. 24 pf 27

reflect 4:5

Registered 5:2

related 5:8

reporter 4:16
    5:19,21

represent 4:11

Robert 4:12

room 5:20

**S**

says 5:6

second 4:20

September
    4:9,19 5:5

served 4:8,24,
    25 5:10

service 4:22
    5:6,8

Services 5:2

serving 5:1

signed 4:18

sought 4:21

speaking 5:18

States 4:18

Stephanie 5:3

subpoena 4:17
    5:1,10

**T**

Tax 5:1

Tecum 5:10

telephonically

5:13

ten 4:6

Testify 4:17

than 5:20

their 4:25

Thereupon--
    4:4

three 4:16

through 4:25
    5:12

THURSDAY
    4:1

time 4:6,7

Tuesday 4:9

**U**

United 4:18

**V**

VEGAS 4:1

via 5:13

**W**

whereupon
    5:25

whom 5:18

will 4:17 5:23

Wings 5:7

within 5:7

witness 5:14,
    17,24

Work 5:7

**Y**

yourself 5:20

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Custodian of Records of
Livesparks, Inc.
Nevada Legal Forms & Tax
Services
3901 W Charleston Blvd
Las Vegas NV 89102

9590 9402 1465 5329 9190 00

2. Article Number (Transfer from service label)

7016 0600 0000 9814 0545

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

CHENOWETH
LAW GROUP PC
510 SW FIFTH AVENUE FIFTH FLOOR
PORTLAND OR 97204

ADDRESS SERVICE REQUESTED

Custodian of Records of Livesparks, Inc.
c/o Nevada Legal Forms & Tax Services, Inc.
3901 W. Charleston Blvd.
Las Vegas, NV 89102

CERTIFIED MAIL

7016 0600 0000 9814 0545



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Custodian of Records of
Livesparks, Inc.
Nevada Legal Forms & Tax
            Services
3901 W Charleston Blvd
Las Vegas NV 89102

9590 9402 1465 5329 9190 00

2. Article Number (Transfer from service label)

7016 0600 0000 9814 0545

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                         ☐ Agent
                                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                      1 / 8 / 16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of CHENOWETH LAW GROUP PC, and that on this date; I caused to be served a true and correct copy of the foregoing document, **Declaration of Sandra S. Gustitus (Jan. 6, 2017)** by:

☐ (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Dotson Law, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

☒ By electronic service by filing the foregoing with the Clerk of Court using the CM/ECF system, which will electronically mail the filing to the following individuals.

☐ (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the address(es) at the address(es) set forth below.

☐ (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

☐ Reno/Carson Messenger Service.

☐ By email to the email addresses below.

addressed as follows:

Matthew D. Francis
Ryan J. Cudnik
Brownstein Hyatt Farber Schrek, LLP
5371 Kietzke Lane
Reno, NV 89511
mfrancis@bhfs.com
rcudnik@bhfs.com

***Attorneys for Plaintiffs***

DATED this 6th day of January, 2017.

/s/ Skylar Washabaugh
Skylar Washabaugh

3