```
                                    _✓_ FILED        ___ RECEIVED
                                    ___ ENTERED      ___ SERVED ON
                                              COUNSEL/PARTIES OF RECORD

                                         JAN 2 6 2017

                                     CLERK US DISTRICT COURT
                                       DISTRICT OF NEVADA
                              BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| USSC HOLDINGS CORP., et al., ) | 3:16-cv-00398-RCJ-WGC |
| Plaintiffs, ) | **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS/MOTION TO COMPEL** |
| vs. ) | |
| TK PRODUCTS, LLC., et al., ) | **(Re: ECF No. 42)** |
| Defendants. ) | |

Before the court is the motion of Defendants TK Products, LLC, Kurt O. Bauer and Trent Farrer to hold Livespark, Inc., in contempt and to compel Livespark's compliance with a subpoena (ECF No. 42). No response has been made to Defendants' motion either by Livespark or other parties to this action.

The court denies Defendants' motion without prejudice because of what the court perceives as procedural irregularities with regard to Defendants' underlying subpoena and motion.

As a starting point, due process requires that the individual or company against whom contempt is sought receive notice and have an opportunity to be heard. *See, e.g.*, *U.S.S.E.C..v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). According to the certificate of service accompanying Defendants' motion, service was only made via CM/ECF upon counsel for Plaintiffs. (ECF No. 42 at 6.) The failure to serve Defendants' motion for sanctions/motion to compel upon Livespark - or even upon its resident agent upon which the subject subpoena was served - is problematic for the court.

/ / /

/ / /

/ / /

It further appears to the court that the validity of the service of the subpoena upon the entity which is apparently the *resident agent* of Livespark, i.e., Nevada Legal Forms and Tax Services, Inc. (ECF No. 42-1 at 10) is somewhat suspect. Rule 45(b)(1) requires a Rule 45 subpoena for testimony to be delivered to the named person, also tendering the fees for the witness' attendance (and mileage). Although the subpoena served on Livespark included payment of an amount for witness fees (ECF No. 42-1 at 10), again it was not personally served on the custodian of records or any corporate representative of Livespark who would testify at the deposition. The viability of the service of a subpoena upon a corporation's resident agent for deposition testimony is problematic to the court.

The court is also concerned about the place of compliance of the subpoena. Obviously the deposition was attempted to be undertaken in Las Vegas where Livespark's resident agent has its place of business. Counsel's declaration states she (Sandra Gustitus) unsuccessfully attempted to contact a "Brett Bond at 415-613-3872" to discuss the "next day's deposition." (ECF No. 42-1 at 3.) Ms. Gustitus does not explain Brett Bond's connection to Livespark or the location of the 415 area code phone number, which appears to be based in the Bay Area, California.[1]

Because of the reference to the 415 telephone number, the court researched Mr. Bond/Livespark on the internet. As reflected in the print out of the court's internet search (copy attached as Exhibit 1), Bloomberg reports Mr. Bond is President of Livespark, the corporate headquarters being at 60 29th Street, San Francisco, California 94110.[2] Bloomberg lists the same telephone number for Mr. Bond as is contained in the Chenowith declaration. *See* Exhibit 1.

Rule 45(c) authorizes a subpoena if within 100 miles of the deponent's residence or place of business. If Mr. Bond and Livespark are located in San Francisco, the validity of a subpoena to produce documents at and to attend a deposition in Las Vegas does not appear to satisfy the requirements of Rule 45. At the very least, one would have suspected Defendants would have served Livespark/Bond at the San Francisco address which was seemingly available to counsel for Defendants.

---

[1] The court notes that counsel for Defendants only attended the deposition by telephone (ECF No. 42-1 at 24), apparently in anticipation that no witness from Livespark would attend.

[2] http://www.bloomberg.com/research/stocks/private/person.asp?personId=249349481&privcapId=249248967&previousCapId=249248967&previousTitle=LiveSpark,%2520Inc

2

The Livespark subpoena sought both documents from and *testimony* of a Livespark representative. (ECF No. 42-1 at 4.)[3]  Although it appears notice of the subpoena duces tecum was served on counsel for Plaintiffs (ECF 42-1 at 14), in compliance with Fed. R. Civ. P. 45(a)(4), inasmuch as the subpoena also sought the testimony of the deponent ("Custodian of Records of Livespark"), a Notice of the Custodian's Deposition was additionally required.  Rule 30(b).  Defendants have not included any notice of records custodian deposition testimony with their motion.  While the absence of a formal and separate notice of deposition might be excused because of Defendants' service of the notice of the subpoena upon Plaintiffs (Defendants' counsel also conferred with counsel for Plaintiffs; ECF No. 42-1 at 24), the lack of service of a notice of deposition is troubling.

Accordingly, because of issues relating to Defendants' compliance with and satisfaction of Fed. R. Civ. P. 45, Defendants' motion (ECF No. 42) is **DENIED** without prejudice. Defendants may renew their motion, however, to attempt to resolve the issues expressed by the court. If Defendants do so, a renewed motion, as well as Defendants' original motion, shall be served on Livespark's resident agent and a copy should be served upon Livespark's place of business.

**IT IS SO ORDERED.**

DATED:  January 26, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants' motion states "the subpoena commanded Livespark's appearance on October 20, 2016, at 9:00 a.m., as well as the production of documents at the same time and place." (ECF No. 42 at 3.) (emphasis added)

3

# EXHIBIT 1

## Media

**Company Overview of LiveSpark, Inc.**

January 25, 2017 6:00 PM ET

**Snapshot**              **People**

| Overview | Board Members | Committees |

**Executive Profile**

# Brett Bond

President, LiveSpark, Inc.

| Age | Total Calculated Compensation | This person is connected to **0** Board Members in **0** different organizations across **1** different industries. |
|---|---|---|
| -- | -- | |

**Background**

Mr. Brett Bond serves as the President of LiveSpark, Inc. Mr. Bond founded LiveSpark in 2009. Furthering his work of digitally controlled fire, Mr. Bond founded False Profit Labs in 2008. Mr. Bond has been building software companies and large-scale interactive fire sculptures for almost a decade. In 2003, he created The Hydrogen Economy, where participants ignite hydrogen bubbles that explode. As co-creator of PyroCardium, Mr. Bond built a sculpture that responds in ...

Read Full Background

**Corporate Headquarters**

60 29th Street
San Francisco, California 94110

United States

Phone: 415-613-3872
Fax: --

**Board Members Memberships**

There is no Board Members Memberships data available.

**Education**

There is no Education data available.

**Other Affiliations**

There is no Company Affiliations data available.

**Annual Compensation**

There is no Annual Compensation data available.

**Stocks Options**

There is no Stock Options data available.

**Total Compensation**

There is no Total Compensation data available.

  Request Profile Update

## From Around the Web

Sponsored Links by Taboola

**He Made 21,078% Buying Amazon. Here's His New Pick**
**The Motley Fool**