# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| USSC HOLDINGS CORP., a Nevada corporation, MUSIC CITY FORE CO., a Nevada corporation, ROBERT J. BUCKLEY, an individual, STEVE PALADINO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TK PRODUCTS, LLC, an Oregon limited liability company, KURT O' BAUER, an individual, TRENT C. FARRER, an individual,<br><br>Defendants. | 3:16-cv-00398-RCJ-WGC<br><br>**ORDER** |

Before the court is Plaintiffs' Motion to Seal. (ECF No. 75.) Plaintiffs seek an order sealing the exhibit accompanying their pending motion for leave to file a first amended complaint.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

/ / /

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *See Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance [ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*. (quoting *Nixon*, 435 U.S. at 598-99).

*Center for Auto Safety* described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id*. (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002)). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. (citing Fed. R. Civ. P. 26(c)).

1 | The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101 (9th Cir. 2016). If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Plaintiffs seek to file under seal an exhibit accompanying their motion for leave to file an amended complaint. They represent that the exhibit contains the operative agreement between the parties and other information which the parties have deemed confidential pursuant to a protective order. The motion for leave to amend does not go to the merits of the action itself, but to what claims the Plaintiffs will be asserting. Therefore, the "good cause" standard applies.

The exhibit attaches the agreement and references other confidential information subject to the protective order entered in this case. Rule 26 allows the court to protect "trade secret[s] or other confidential research, development or commercial information[.]" As such, the court finds that good cause exists to seal the exhibit. Therefore, Plaintiffs' motion (ECF No. 75) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: July 7, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE